Trevor R. Pincock
WSBA #36818
Lukins & Annis, P.S.
717 W. Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

Attorneys Creditor BMO Bank N.A.
f/k/a BMO Harris Bank N.A.

The Honorable Frederick P. Corbit
Chapter 7
Response Date:____________

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>BCL ROADRUNNER, LLC<br><br>Debtor. | NO. 24-01557-FPC7<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM STAY AND FOR ABANDONMENT** |

Movant, BMO Bank N.A. f/k/a BMO Harris Bank N.A.[1] (the "Bank"), a creditor and party in interest, by and through its undersigned counsel, moves for relief from the automatic stay and for abandonment pursuant to 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 6007(b), Federal Rule of Bankruptcy Procedure 4001(a), and Local Rule 4001-1 to allow the Bank to exercise its non-bankruptcy rights and remedies with respect to the collateral as further described herein and in the documentation filed in support of this motion (the "Collateral").

The Bank also requests an order from the Court waiving the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) and that an order for relief from

[1] Effective September 3, 2023, the Bank adopted amended articles of association pursuant to which its corporate title was changed from "BMO Harris Bank National Association" to "BMO Bank National Association."



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

the automatic stay and abandonment be effective immediately, and for other relief described herein. In support of this Motion, the Bank states as follows:

## JURISDICTION

1. Debtor, BCL Roadrunner, LLC ("Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") commencing this case on September 27, 2024 (the "Petition Date").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

3. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

4. On or about November 19. 2020, the Bank and the Debtor entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Agreement"), pursuant to which the Bank financed the Debtor's purchase of the equipment described therein, and the Debtor agreed to repay the Bank the amount set forth therein, with interest, pursuant to the terms thereof. A true and correct copy of the Agreement is attached as "**Exhibit A**" to the Declaration of Bryan Schrepel filed herewith and incorporated herein by this reference.

5. Pursuant to the Agreement, the Debtor granted the Bank a first-priority security interest in the equipment described therein, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral"). In summary, the Collateral consists of the following:

| Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

| | | | | |
|---|---|---|---|---|
| 2020 | BCL Fabrication | 53FT Car Carrier | Trailer | 4B94A5320LB227003 |
| 2020 | BCL Fabrication | 53FT Car Carrier | Trailer | 4B94A5326LB227006 |

6. The Bank properly perfected its security interest in the Collateral by recording its liens on the Certificates of Title. True and correct copies of the Certificates of Title for each unit of the Collateral are attached hereto as "**Exhibit B**" to the Declaration of Bryan Schrepel filed herewith and incorporated herein by this reference.

7. Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default.

8. The Debtor is in default under the terms of the Agreement.

9. As of the Petition Date, and as of the time this Motion is filed, the Debtor is indebted to the Bank in an amount not less than $126,455.99.

10. As of the Petition Date, the Bank estimates that the Collateral has an orderly liquidation value less than or equal to the amount due and owing under the Agreements. Without the benefit of inspection, the Bank estimates that the Collateral has a fair market value of $90,750. The Debtor scheduled the collective value of the Collateral as $60,000.00 (Docket No. 1, at 2.2), and although the Bank contests this valuation, the Debtor nevertheless concedes that there is no equity in the Collateral.

## RELIEF REQUESTED

11. Section 362(d) of the Bankruptcy Code states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1), (2).

12. Cause exists to lift the stay under § 362(d)(1) and of the Bankruptcy Code and to abandon the Collateral under Federal Rule of Bankruptcy Procedure 6007(b). The Bank's interest in the Collateral lacks adequate protection. The value of the Collateral, assuming good condition and proper maintenance, is an amount less than the amount of the debt due the Bank. The value of the Collateral has declined since the Petition Date and continues to decline with depreciation and the passage of time. Accordingly, the Bank's interest in the Collateral is not adequately protected from erosion during this bankruptcy case.

13. The Bank is also entitled to a lift of the stay pursuant to § 362(d)(2) of the Bankruptcy Code. Debtor does not possess equity in the Collateral and the Collateral is not necessary for an effective reorganization. Once a debtor's lack of equity in the property has been demonstrated, "the debtor must establish that the [property] is necessary for an effective reorganization, not by showing that, absent retention of the property, no reorganization is possible, but by proving 'the property is essential for an effective reorganization that is in prospect.'" United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375–76 (1988) (addressing the requirements for proof under 11 U.S.C. § 362 (d)(2)).



LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

As the Debtor has filed for protection under Chapter 7 of the Bankruptcy Code, no reorganization is in prospect.

14. Where a debtor lacks equity in property, and the property is not necessary for an effective reorganization, there "may be no reason to make the creditor wait until the final distribution of the estate to get what it bargained for, and indeed early release of the collateral may aid administration of the estate by allowing a quicker determination of the amount of the under secured creditor's unsecured claim." In re Vitreous Steel Prods. Co., 911 F.2d 1223, 1231–32 (7th Cir. 1990) (discussing the purpose of § 362(d)). The Bank is, therefore, entitled to immediate relief from the automatic stay in order to exercise its non-bankruptcy rights with respect to the Collateral.

15. Based on the foregoing, the Bank is entitled, pursuant to § 362(d)(1) and (2) of the Code, and Federal Rule of Bankruptcy Procedure 6007(b), to relief from the automatic stay and an order that the Collateral is abandoned to allow it to exercise its non-bankruptcy rights and remedies with respect to the Collateral.

WHEREFORE, the Bank moves that the stay pursuant to 11 U.S.C. § 362 be lifted, and that the Collateral be deemed abandoned, to permit the Bank to repossess and otherwise realize upon its security interest in the Collateral, and to give all notices and take such action as is necessary to perfect its rights to file or amend its claim to assert any deficiency remaining upon sale of the Collateral, and for such other and further relief as the Court deems just. The Bank further moves that the Court waive the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) and that the order for relief from the automatic stay and abandonment be effective immediately.



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

DATED this 14th day of October, 2024.

LUKINS & ANNIS, P.S.

By /s/ Trevor R. Pincock
TREVOR R. PINCOCK
WSBA #36818
Attorneys for BMO Bank N.A.
f/k/a BMO Harris Bank N.A.



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323